IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ADAM DARRICK TOGHILL, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:13cv00490 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| PATRICK SIEWART, *et al.*, | ) | By: Norman K. Moon |
|     Defendants. | ) | United States District Judge |

Adam Darrick Toghill, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 seeking damages. Toghill states that he was convicted of "solicit[ing] a minor to commit oral sodomy," in violation of Virginia Code § 18.2-374.3(C)(3). To be convicted under § 18.2-374.3(C)(3), a defendant must have proposed sexual intercourse or any act prohibited by Virginia Code § 18.2-361 to a child younger than 15 years old.[1] Toghill argues that § 18.2-361(A), which prohibits, *inter alia*, oral sodomy, is unconstitutional and, consequently, that the defendants have violated his right to due process.[2] "When a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Because Toghill

---

[1] Specifically, Virginia Code § 18.2-374.3(C)(3) states, "It shall be unlawful for any person 18 years of age or older to use a communications system, including but not limited to computers or computer networks or bulletin boards, or any other electronic means, for the purposes of soliciting, with lascivious intent, any person he knows or has reason to believe is a child younger than 15 years of age to knowingly and intentionally . . . [p]ropose to such child the performance of an act of sexual intercourse or any act constituting an offense under § 18.2-361."

[2] Virginia Code § 18.2-361(A) prohibits a person from "carnally know[ing] in any manner any brute animal, or carnally know[ing] any male or female person by the anus or by or with the mouth, or voluntarily submit[ing] to such carnal knowledge . . . ." Toghill's petition is based on *MacDonald v. Moose*, 710 F.3d 154, 156 (4th Cir. 2013) ("[W]e are constrained to vacate the district court's judgment and remand for an award of habeas corpus relief [under 28 U.S.C. § 2254] on the ground that the anti-sodomy provision [of § 18.2-361(A)] facially violates the Due Process Clause of the Fourteenth Amendment."), *cert. denied*, *Moose v. MacDonald*, ___ U.S. ___, 2013 WL 3211338 (No. 12-1490 Oct. 7, 2013).

has neither alleged nor demonstrated that his underlying conviction or sentence has been invalidated, I find that this action is barred by *Heck*.[3]  Accordingly, I will dismiss Toghill's complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

**ENTER**:  This 6th day of November, 2013.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[3] According to Toghill's complaint and confirmed by online state-court records, Toghill's direct appeal of his criminal conviction is pending with the Court of Appeals of Virginia.